IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID ENRIQUE LEON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-cv-0094 |
| ) | |
| MIKE PARRIS, Warden, ) | Chief Judge Sharp |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner David Enrique Leon, a state prisoner incarcerated at the Northwest Correctional Complex, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1) seeking review of his 2009 conviction in the Circuit Court for Dickson County, Tennessee. Before the Court is the respondent's motion to dismiss the petition on the grounds that it is barred by the statute of limitations. (ECF No. 24.) The petitioner has filed a response in opposition to the motion to dismiss (ECF No. 30), arguing that the statute of limitations should be equitably tolled to permit his filing.

Notwithstanding, for the reasons set forth herein, the Court finds that equitable tolling does not apply and that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The Court will therefore grant the motion to dismiss.

**I.    Procedural Background**

A Dickson County jury convicted Mr. Leon of first-degree murder and aggravated robbery on October 28, 2009. Mr. Leon was sentenced on December 17, 2009 to consecutive terms of life plus ten years. (Judgment, ECF No. 23-1, at 100, and Amended Judgment, ECF No. 23-1, at 103.) The conviction and sentence were affirmed on direct appeal. *State v. Leon*, No. M2010-00513-CCA-R3-CD, 2011 WL 3630127 (Tenn. Ct. Crim. App. Aug. 18, 2011). Mr. Leon did not file an application for permission to appeal to the Tennessee Supreme Court.

He filed a timely petition for post-conviction relief on June 11, 2012. (*See* ECF No. 23-10, at 1.) Counsel was appointed and an amended petition was filed. (ECF No. 23-10, at 26.) The trial court, after conducting a hearing, denied the petition, and that decision was affirmed. *Leon v. State*, No. M2013-

00519-CCA-R3-PC, 2013 WL 5701654 (Tenn. Ct. Crim. App. Oct. 13, 2013), *perm. appeal denied* (Tenn. March 3, 2014).

The petitioner filed his *pro se* petition for the writ of habeas corpus in this Court on January 23, 2015. (*See* ECF No. 1, at 17.)

## II.     The One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

AEDPA further provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003).

In addition, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,

---

[1] The limitations period may also run from:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)–(D).

418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

### III.     Application of the Statute of Limitations to this Case

The Tennessee Court of Criminal Appeals affirmed the judgment against the petitioner on August 18, 2011. Mr. Leon did not seek permission to appeal to the Tennessee Supreme Court, so the judgment became final 60 days later, on October 17, 2011, the last day on which he could have filed an application for permission to appeal to the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b) (establishing that an application for permission to appeal to the Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (confirming that a judgment becomes final when the time for seeking direct review expires). The one-year statute of limitations for filing a federal habeas petition under 28 U.S.C. § 2254 began running the next day, on October 18, 2011. 28 U.S.C. § 2244(d)(1). The limitations period ran for 237 days until it was tolled beginning on June 11, 2012, the day the petitioner filed a timely *pro se* petition for post-conviction relief in the state court. At that point, 129 days remained of the limitations period.[2]

The state petition was ultimately denied; the denial was affirmed by the Tennessee Court of Criminal Appeals; and the Tennessee Supreme Court denied review on March 4, 2014. The limitations period began running again on March 5, 2015 and expired on July 11, 2014. The petitioner did not file his habeas petition in this Court until January 23, 2015, more than six months after the statute of limitations expired. The petition is therefore time-barred unless the petitioner can establish that he is entitled to equitable tolling.

As set forth above, equitable tolling is rarely appropriate, as it applies only if the petitioner shows that he "has been pursuing his rights diligently, and that extraordinary circumstances prevented him from

---

[2] Because 2012 was a leap year, with 29 days in February, the Court calculates the one-year limitation period as comprising 366 days. *Cf. Mecca v. Corbett*, No. 12-12015-JLT, 2013 WL 773068 (D. Mass. Jan. 15, 2013 (noting that every federal circuit that has addressed the issue has concluded that "the anniversary' method" applies to the AEDPA's one-year limitation period (citations omitted)); *Rogers v. United States*, 180 F.3d 349, 355 & n. 13 (1st Cir. 1999) (noting that limitation periods expressed in years end on the anniversary of their start date); *United States v. Marcello*, 212 F.3d 1005, 1009–10 (7th Cir. 2000) ("The anniversary date will be the last day to file *even when the intervening period includes the extra leap year day*.").

filing on time. *Holland*, 560 U.S. at 649. Ignorance of the law does not provide a basis for equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2002).

In his habeas petition, Mr. Leon fails to acknowledge that his petition is untimely and does not offer any basis for equitable tolling of the limitations period. In his response in opposition to the respondent's motion to dismiss, Mr. Leon argues that equitable tolling should apply, because (1) he was "abandoned" by his counsel at the post-conviction appellate stage, and the trial court violated his right to due process when it permitted his post-conviction attorney to withdraw (ECF No. 30, at 3–4); and (2) his trial counsel "abandoned" him by failing to file a Rule 11 application to appeal to the Tennessee Supreme Court on direct review.

Regarding the first of these arguments, based on the record submitted by the respondent it appears that the petitioner's post-conviction counsel was permitted to withdraw shortly after the trial court denied Mr. Leon's post-conviction petition. New counsel was appointed, who filed a timely notice of appeal. New counsel pursued the appeal on behalf of Mr. Leon and filed a timely application for permission, under Rule 11 of the Tennessee Rules of Appellate Procedure, to appeal to the Tennessee Supreme Court after the Tennessee Court of Criminal Appeals denied review. (ECF No. 23-10, at 77 (Jan. 16, 2013 order denying post-conviction relief); *id.* at 79 (motion to withdraw); *id.* at 82 (order granting motion to withdraw); *id.* at 85 (order appointing new counsel); *id.* at 90 (Feb. 14, 2013 notice of appeal); ECF No. 23-16 (Rule 11 application).) Mr. Leon appears to be asserting that the purported denial of due process provides a basis for equitable tolling of the statute of limitations. He has not shown, however, that the withdrawal of his initial post-conviction counsel prejudiced him in his appeal in any way or, more to the point, that it prevented him from filing a timely federal habeas petition.

The petitioner also asserts that his trial counsel "abandoned" his case when counsel failed to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court after the criminal judgment was affirmed by the Tennessee Court of Criminal Appeals in August 2011. The petitioner states that he was deprived of his right to due process when his trial counsel "allowed the time to lapse for a Rule 11 Application, then informed the petitioner of such knowing that petitioner could not file an application *pro se.*" (ECF No. 30, at 4 (citing *Siler v. State*, No. E2009-00436-CCA-R3-PC, 2010 WL

1444511 (Tenn. Ct. Crim. App. April 12, 2010).) Based on this purported due-process violation as well, the petitioner asserts that he is entitled to equitable tolling of the statute of limitations.

The petitioner, however, did not include a claim in his post-conviction proceedings that trial counsel represented to him that he would file a Rule 11 application but then failed to do so. If he had raised such a claim, he might have been granted limited relief by the state courts in the form of authorization to file a delayed appeal. *Cf. Oliver v. State*, No. W2009-02113-CCA-R3-PC, 2011 WL 4432884, at *5 (Tenn. Ct. Crim. App. Sept. 23, 2011) (granting post-conviction relief in the form of a delayed direct appeal to the Tennessee Supreme Court and a stay of further proceedings on post-conviction, where petitioner's counsel "effectively abandoned the petitioner's appeal" when he affirmatively represented that he would file a Rule 11 application but failed to do so and failed to notify the petitioner as to the status of his direct appeal). Because the petitioner did not raise that issue in his state post-conviction proceedings, the claim would be defaulted for purposes of this Court's review. Moreover, the petitioner fails to show how his trial counsel's failure to file a Rule 11 application had any effect on the petitioner's ability to file a timely habeas petition in this Court, particularly given that the petitioner concedes that he was aware at the time that his attorney failed to file a Rule 11 application, and he filed a timely post-conviction petition.

The Court therefore finds that the petitioner has failed to establish a basis for equitable tolling and that the habeas petition is barred by the one-year statute of limitations.

## IV. Conclusion

Because it plainly appears from the state-court record that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
Chief Judge
United States District Court