IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID ENRIQUE LEON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-cv-0094 |
| ) | |
| MIKE PARRIS, Warden, ) | Chief Judge Sharp |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court are (1) the petitioner's Rule 60 motion to vacate the Court's prior order dismissing his habeas petition (ECF No. 42) and (2) the petitioner's motion to amend and correct the previously filed Rule 60 motion to vacate judgment (ECF No. 43), which the Court also construes as an amended motion to vacate. The Court will grant leave to file the amended and corrected Rule 60 motion but, for the reasons set forth herein, will deny both motions to vacate.

**I.     PROCEDURAL BACKGROUND**

In December 2009, after convictions of first-degree murder and aggravated robbery, the petitioner received consecutive sentences of life plus ten years. The Tennessee Court of Criminal Appeals affirmed the convictions, over the petitioner's argument that the evidence was insufficient to support the verdict. *State v. Leon*, No. M2010-00513-CCA-R3-CD, 2011 WL 3630127 (Tenn. Ct. Crim. App. Aug. 18, 2011). With the assistance of appointed counsel, the petitioner thereafter pursued post-conviction relief, asserting claims of ineffective assistance of trial counsel. The state court denied relief. *Leon v. State*, No. M2013-00519-CCA-R3-PC, 2013 WL 5701654 (Tenn. Ct. Crim. App. Oct. 13, 2013), *perm. appeal denied* (Tenn. March 3, 2014).

The petitioner filed his *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 in this Court on January 23, 2015. (ECF No. 1, at 17.) The respondent filed a motion to dismiss the petition on the basis that it was untimely. In response to that motion, the petitioner argued that equitable tolling applied, but his arguments were premised on the actions of counsel during the direct appeal and post-conviction appeal, which had no apparent effect on the timing of the filing of the federal habeas corpus

petition. The Court found that the § 2254 petition was untimely, having been filed more than six months after the one-year statute of limitations expired, and that the petitioner failed to establish a basis for equitable tolling of the limitations period. (ECF No. 33.) The Court therefore granted the motion to dismiss by order entered July 16, 2015. (ECF No. 34.) Judgment entered that day.

The petitioner thereafter filed an untimely notice of appeal. (ECF No. 38.) Because the notice was late, the Court determined that it had jurisdiction to consider the petitioner's first Rule 60 motion, filed on September 25, 2015. (*See* ECF No. 39.) The Court directed the respondent to submit a response to the motion. Before it did so, the petitioner filed his motion to amend and correct the motion to vacate, to which the respondent has now filed a response.

## II. THE MOTIONS TO VACATE

In the original motion to vacate, purportedly filed under Rule 60(b)(4), (5), and (6), the petitioner asserted that "the final order from the highest state court has been vacated, and a new final order has been issued." (ECF No. 42, at 1.) He also represented that the referenced order was attached to the motion. (*Id.*) The petitioner argued that, because a new final order had been issued, the calculation of the limitations period for filing a federal habeas petition was altered, rendering his motion timely.

In his motion to amend and correct, the petitioner states that, in fact, the Tennessee Court of Criminal Appeals did not vacate and reissue its final order. This concession obviates the basis for relief set forth in the original motion to vacate. The first motion to vacate will be denied on that basis.

In the amended motion, the petitioner also raises another argument for equitable tolling. He argues (in pertinent part[1]) that:

(1) He is a native of Mexico and does not speak, read or write English.

(2) After the Tennessee Supreme Court denied review of his post-conviction petition, the petitioner attempted to obtain help from another Mexican inmate and an inmate legal helper, but there were only two inmate legal aides at the prison, neither of whom had time to help the petitioner at that juncture.

(3) Between March 2014, when the Supreme Court denied review, and January 2015, when the

---

[1] The motion also sets forth the timeline of filings in the state post-conviction proceedings, which this Court already determined is not relevant to his motion for equitable tolling of the federal statute governing the filing of § 2254 petitions.

statute of limitations expired, there were no Spanish-language legal materials in the prison library and no procedures for borrowing Spanish-language legal books.

(4) The prison was on emergency status and lockdown for approximately two months in the spring/summer of 2014. Even after the emergency procedures were lifted, certain management restrictions remained in place prohibiting inmates assigned rooms on different tiers from accessing the library at the same time, as a result of which the petitioner could not go to the library at the same time as the inmate legal helpers, which "severely hampered his right to timely file[] his petition for writ of habeas corpus." (ECF No. 47, at 3.)

(5) Prison unrest continued through the summer and fall of 2014, culminating in the assault of dozens of officers, "violent melees" between rival gang members, and frequent emergency lockdown procedures. The lockdowns further hampered access to the law library. In addition, an inmate who was serving as a translator for the petitioner was involved in one of the "violent melees" and was subsequently transferred to another facility. Afterwards, the petitioner was "forced" to obtain help from inmate helper Johnny McGowan, because he had no other choice.

(6) McGowan assisted with the preparation of the petitioner's petition but never advised him of the AEDPA one-year statute of limitations. The petitioner was also not aware of the elements required to prove equitable tolling.

(7) McGowan was also the person who drafted the first motion to vacate, falsely stating that the Tennessee Court of Criminal Appeals had vacated its final order and that such order was attached to the motion. McGowan had been transferred to a different facility by the time the Court issued its order directing a response to that motion.

(8) After McGowan's departure, another inmate legal helper contacted the Clerk of Court of Criminal Appeals (Supreme Court) and verified that the Tennessee Supreme Court had entered an order denying the petitioner's application for a delayed appeal.

The petitioner asserts that these facts establish that extraordinary circumstances stood in the way of the timely filing of his petition, despite the petitioner's diligent efforts.

The respondent opposes the motion, arguing that the petitioner has not shown that he is entitled to relief under Rule 60(b) and instead simply raises arguments in support of equitable tolling that he could

and should have raised in his original opposition to the motion to dismiss. The respondent also asserts that the petitioner's new arguments in support of equitable tolling, considered on the merits, fail to establish that the petitioner is entitled to relief.

### III. DISCUSSION

As referenced above, the petitioner seeks relief under Rule 60(b)(4), (5), or (6) of the Federal Rules of Civil Procedure. These subsections of Rule 60 provide that a party may be relieved of a judgment entered against it on the grounds that:

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(4)–(6).

It is clear that neither subsection (4) nor (5) is applicable here. A judgment is void if the rendering court was powerless to enter it in the first place, for instance, for lack of personal jurisdiction over the defendant. *see United State Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."); *Wells v. Rhodes*, 592 F. App'x 373 (6th Cir. 2014) (finding default judgments entered against minor defendant who was not properly served with process was void for lack of personal jurisdiction and that that the trial court had erred in denying relief under Rule 60(b)(4)). This Court's judgment denying and dismissing the § 2254 petition as time-barred is not void for lack of personal jurisdiction or for any other reason.

Rule 60(b)(5) does not apply, because the petitioner does not argue that the judgment has been satisfied or that the underlying criminal judgment has been reversed or vacated. Nor does his argument for equitable tolling suggest a change in circumstances pursuant to which it would "no longer [be] equitable" to apply prospectively this Court's previously entered judgment. *See Horne v. Flores*, 557 U.S. 433, 447 (2009) ("The party seeking relief [under Rule 60(b)(5)] bears the burden of establishing that changed circumstances warrant relief . . . ." (citation omitted)).

Rule 60(b)(6) permits reopening a case after entry of final judgment when the movant shows any reason justifying relief other than those set forth in subsections (1) through (5). "[R]elief under Rule 60(b)(6) . . . requires a showing of 'extraordinary circumstances.'" *Gonzales v. Crosby*, 545 U.S. 524, 546 (2005). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)).

The circumstances here are not extraordinary. The petitioner simply seeks to present arguments in support of equitable tolling that he could and should have presented in his petition for the writ of habeas corpus or, failing that, in his response in opposition to the motion to dismiss. He argued equitable tolling in his response, but he seeks now to raise new arguments and facts of which he himself was fully cognizant and could have presented previously. His failure to do so was based on the alleged incompetence of his inmate legal helpers, but a habeas petitioner is not entitled to the effective assistance of counsel, or to any counsel at all, and certainly not to the effective assistance of other inmates providing legal aid. The Court finds that the petitioner is not entitled to relief under Rule 60(b)(6).

Even if he were, the Court is persuaded that the facts the petitioner presents would not warrant equitable tolling. First, it is notable that, in his § 2254 petition, the petitioner simply points to the arguments exhausted in the direct appeal and in post-conviction; he does not include in his petition any argument regarding why the state court's findings were unreasonable. There is no reason why the filing of the petition would have taken an extraordinary amount of time or extensive legal research. Second, the petitioner alleges that there were periods of time when he was without the assistance of both a translator and a legal aid, and periods of time when he had difficulty accessing the library and his assistants, but he has not established that these difficulties prevented timely filing. Instead, he attributes the delay to his legal assistant who did not warn him about the one-year statute of limitations or make any effort to meet it. The ineffective assistance of a prison legal assistant, standing alone, does not constitute an "extraordinary circumstance" standing in the way of timely filing. *Holland v. Florida*, 560 U.S. 631, 655 (2010). *Accord Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of

legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."). Thus, even if the petitioner were entitled to relief under Rule 60, he would not be entitled to equitable tolling.

**IV.   CONCLUSION**

For the reasons set forth herein, the petitioner's Rule 60(b) motions (ECF Nos. 42 and 47) will be denied. An appropriate order is filed herewith.

*/s/ Kevin H. Sharp*

KEVIN H. SHARP
Chief Judge
United States District Court